McKinney, J.,
delivered the opinion of the Court.
Bigley, as sheriff, moved for judgment, in the Criminal Court of Davidson county, against Smiley, the clerk of said Court, and his surviving • surety, for certain fees and costs which were due to the sheriff, and which the *281 clerk had received, hut failed to pay over, amounting ■to $562 25. The Court entertained the motion, and rendered judgment against the clerk, and Hays, his surety, from which they, appealed in error. The objections to this judgment, are, first, ■ that the Criminal Court of Davidson, as constituted by the act of 1842, ch. 52, had no jurisdiction to render such judgment, because the motion is, in its nature, merely a civil proceeding. This objection is not well taken. True, the jurisdiction is not given in express terms, but of necessity it must be implied. By the 3d sec. the clerk of the Circuit Court is, ex-ofiicio, clerk of the Criminal Court; and is required to perform all duties by law imposed on him in relation to criminal business of the Circuit Court.
By the 6th sec. the Criminal Court is clothed with all the jurisdiction in criminal matters, which was previously possessed by the Circuit Court; and the process, forms and modes of proceeding, are to be the same.
It would seem to follow, therefore, that this particular jurisdiction, which it is admitted belonged to the Circuit Court, was intended to be vested in the Criminal Court likewise, as indispensably necessary to enable it to execute and carry into full effect its own judgments, and to enforce the proper performance of duty on the part of its officers. But the question is put to rest by the statute upon which the motion is founded. Act of 1824, ch. 16, sec. 2. By that act the elerh of any Court in this State,” is made subject to this preceding in the Court of which he is elerh. The act must be construed, from its nature and object, as applying to “ Courts” subsequently created as much as to those *282 previously existing. The next objection is, that the surety is not liable to be proceeded against by motion. This objection seems to be well founded. It was so held in Combs vs. Bramlet, 4 Yerg., R. 569. The ground of this decision is, that the remedy is given against the officer personally, and not against his sureties ; that as against the latter, the party must be left to his common law remedy, by action on the bond. Without discussing the propriety of this construction of the statute, we are not inclined to disturb the decision.
The conclusion is, that the judgment, as against the surety, is erroneous. It will be reversed, and the proper judgment rendered here, against the principal alone.